Karen A. Confoy
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive Building 3
Lawrenceville, NJ 08648
Telephone: (609) 844-3600
Facsimile: (609)896-1469
kconfoy@foxrothschild.com

*Attorney for Plaintiffs Cengage Learning, Inc. and Pearson Education, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CENGAGE LEARNING, INC. AND PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPALACIAN INC., RK GROUP ASSOCIATES LLC, RAHUL GUPTA, AND STACY IBRAHIM (aka STACY MINI), <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR:** <br><br> 1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*) <br> 2. SECONDARY COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*) <br> 3. TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) <br> 4. TRADEMARK COUNTERFEITING (15 U.S.C. § 1114) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Cengage Learning, Inc. ("Cengage") and Pearson Education, Inc. ("Pearson") (collectively, "Plaintiffs"), for their Complaint against Defendants Appalacian Inc. ("Appalacian"), RK Group Associates LLC ("RK"), Rahul Gupta ("Gupta"), and Stacy Ibrahim (aka Stacy Mini) ("Ibrahim") (collectively, "Defendants"), allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiffs are two of the world's leading educational publishers. They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages. Their publications include physical and digital textbooks, as well as online publications. Plaintiffs are the copyright and trademark owners, or the exclusive licensees of the rights in the copyright and trademarks, to which this Complaint relates.

2. Defendants import into the United States and distribute and sell counterfeit copies of Plaintiffs' textbooks. These counterfeits are not the legitimate and authorized versions published by Plaintiffs. Instead, Defendants deal in unauthorized copies of Plaintiffs' textbooks, bearing unauthorized reproductions of Plaintiffs' trademarks.

3. Plaintiffs bring this Complaint for damages and injunctive relief to bring to an end and to seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

4. This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114 *et seq*. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.

5. The Court has personal jurisdiction over Defendants. Defendants Appalacian and RK are New Jersey companies and Defendants Gupta and Ibrahim are New Jersey residents. All Defendants regularly and systematically conduct business in New Jersey, including business transactions that encompass the acts of infringement complained of herein.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

## PARTIES

7. Plaintiff Cengage, formerly Thomson Learning Inc., is a Delaware corporation

with its principal place of business at 20 Channel Center Street, Boston, Massachusetts 02210.

8. Plaintiff Pearson is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

9. Defendant Appalacian is a New Jersey corporation with its principal place of business at 275 State Route 10E, Succasunna, NJ 07876.

10. Defendant RK is a New Jersey limited liability company with its principal place of business at 83 Arrowgate Drive, Randolph, NJ 07869.

11. Defendant Gupta is an individual who is the initial organizer, manager, and registered agent of RK, and also is associated with Appalacian. He resides at 83 Arrowgate Drive, Randolph, NJ 07869.

12. Defendant Ibrahim is an individual who is the President of Appalacian and resides at 120 Brooklyn Stanhope Road, Stanhope, NJ 07874.

**PLAINTIFFS' BUSINESSES**

13. Plaintiffs are among the world's largest providers of tailored learning solutions. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content, assessment tools, and educational services in all available media. Plaintiffs' products and services are sold throughout the world, through direct channels and via a worldwide network of distributors. Plaintiffs invest significant resources annually in the worldwide advertisement and promotion of their goods and services under all their trademarks.

14. Plaintiffs' publish their works under many imprints, or brands, that are well known and highly respected. Cengage's imprints include Brooks/Cole, Delmar, Heinle, South-Western Educational Publishing, Gale, Wadsworth, and National Geographic Learning.

Pearson's imprints include Addison Wesley, Longman, Allyn & Bacon, Benjamin Cummings, Prentice Hall, and Penguin Random House. These are just some of the Plaintiffs' many valuable and recognizable imprints.

15. Plaintiffs' textbooks are widely available in the marketplace for sale or rental, including from physical and online bookstores.

16. Plaintiffs suffer serious financial and reputational injury when their copyrights and trademarks are infringed. A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving textbooks. This would have an adverse impact on the creation of new textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving textbooks.

17. Both publishers and authors alike are deprived of income when their textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS**

18. Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, *inter alia*, those works or derivative works described on Exhibit A ("Plaintiffs' Books"). Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering Plaintiffs' Books.

19. Plaintiffs' Books bear trademarks and service marks as set forth on Exhibit B ("Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office. Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks. Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Plaintiffs and/or their

predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

## DEFENDANTS' UNLAWFUL ACTIVITIES

20. Defendants import mass quantities of textbooks from oversees.

21. Defendants have sold hundreds of counterfeits, or more, of Plaintiffs' Books in the United States. These are unauthorized copies of Plaintiffs' textbooks, bearing unauthorized reproductions of Plaintiffs' trademarks.

22. Defendants sold counterfeits of Plaintiffs' Books to distributor(s) in United States, including at least Chegg, Inc. ("Chegg"). These books were sold to Chegg under the names Appalacian Inc., RK Group Associates, and Rahul Gupta. Plaintiffs do not yet know the precise nature of the relationship between Defendants, nor do they know the full extent and identity of the channels through which Defendants source and sell textbooks, including counterfeits of Plaintiffs' Books.

23. Defendants intentionally purchase counterfeits of Plaintiffs' Books at a materially cheaper price than they would be required to pay had they purchased Plaintiffs' products directly from the respective publishers or from legitimate third-party sellers, pursuant to the custom and practice of the bookselling industry. In doing so, Defendants deliberately evaded Plaintiffs or other legitimate sources, and chose instead to source illegal and counterfeits of Plaintiffs' products, in violation of Plaintiffs' intellectual property rights.

24. At the time that Defendants distributed and sold counterfeits of Plaintiffs' Books, based on their "too good to be true price" and inferior quality, Defendants knew or should have known that the books were counterfeit.

25. Defendants knowingly directed, supervised, and controlled the importation and/or

distribution of counterfeits of Plaintiffs' Books, and had a direct financial interest in, and stood to gain a direct financial benefit from, such deliberately infringing activity.

26. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants also personally induced, caused, and materially contributed to infringing conduct by others, including distributors/wholesalers to whom Defendants sold counterfeit books.

27. Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights. They also substantially participated in, and orchestrated, such infringing activities.

28. The counterfeits of Plaintiffs' Books sold by Defendants are inferior to Plaintiffs' legitimate textbooks. Among other differences, the binding, glue, paper, color, and/or printing are often different and inferior. Despite their inferior quality, based on the use of Plaintiffs' trademarks, certain actual and prospective purchasers are likely to believe that the counterfeits of Plaintiffs' Books are legitimate. This weakens, blurs, and tarnishes Plaintiffs' respective trademarks. Plaintiffs' business reputations are further injured by having their trademarks and the goodwill associated with them confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

29. While Plaintiffs have identified some of the counterfeit textbook titles that Defendants have distributed, they have not yet identified all of them. The works described on Exhibit A represent the counterfeit books that Plaintiffs currently know Defendants have distributed and introduced into the marketplace. Plaintiffs expect that Exhibits A and Exhibit B will be expanded in discovery, thereby expanding the scope of "Plaintiffs' Books" and "Plaintiffs' Marks," as defined herein.

## **FIRST CLAIM FOR RELIEF**

### **Copyright Infringement Under 17 U.S.C. §§ 101,** *et seq.*

30. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

31. Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

32. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

33. Beginning on an unknown date, but at least in or about July 2010, and continuing to the present, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, Defendants infringed Plaintiffs' copyrights by violating Plaintiffs' exclusive rights to import their copyrighted works and/or distribute them to the public by sale or other transfer of ownership. Defendants did so by, among other things, distributing and selling unauthorized copies of Plaintiffs' Books for profit, without Plaintiffs' permission, license, or consent.

34. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

35. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

36. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries

will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

### Secondary Copyright Infringement Under 17 U.S.C. §§ 101, et seq.

37. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

38. Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

39. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

40. Beginning on an unknown date, but at least in or about July 2010, and continuing to the present, Defendants, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, indirectly infringed Plaintiffs' copyrights. Specifically, Defendants knowingly engaged in, supervised, and/or controlled the importation, distribution, and/or sale of counterfeit copies of Plaintiffs' Books, and had a direct financial interest in, and stood to gain a direct financial benefit from their deliberately infringing activity. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants personally induced, encouraged, caused, and materially contributed to infringing conduct by others, including resellers to whom Defendants sold counterfeit copies of Plaintiffs' Books for further distribution. Accordingly, Defendants are liable for contributory and vicarious copyright infringement.

41. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

42. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

43. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## THIRD CLAIM FOR RELIEF

**Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114**

44. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

45. This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

46. Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce counterfeits of Plaintiffs' Books bearing unauthorized reproductions of Plaintiffs' Marks.

47. Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately

connected with Plaintiffs, all to Plaintiffs' irreparable harm.

48. Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally registered Plaintiffs' Marks, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Defendants threaten to further violate and infringe Plaintiffs' said rights.

49. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' Marks, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

50. Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## FOURTH CLAIM FOR RELIEF

### Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

51. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

52. Defendants are infringing the federally registered Plaintiffs' Marks through their use in commerce of a counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

53. Defendants are intentionally using Plaintiffs' Marks on unauthorized products. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

54. Defendants' counterfeiting of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs' reputation and goodwill, for which Plaintiffs have no adequate remedy at law. Unless this Court restrains Defendants from continuing their counterfeiting activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2. An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of Plaintiffs' Books, with documents relating to all such purchases and sales;

3. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

5. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

6. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above,

including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

7. An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

8. Prejudgment and post-judgment interest at the applicable rate;

9. Plaintiffs' attorney's fees, expenses, and costs of suit; and

10. Such other and further relief the Court deems proper.

## DEMAND FOR JURY

Plaintiffs hereby demand a jury as to all issues so triable.

Dated: February 14, 2017                    Respectfully submitted,

By: s/ Karen A. Confoy
Karen A. Confoy
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive Building 3
Lawrenceville, NJ 08648
Telephone: (609) 844-3600
Facsimile: (609)896-1469
kconfoy@foxrothschild.com

*Of Counsel:*
Matthew J. Oppenheim
Michele H. Murphy
**OPPENHEIM & ZEBRAK, LLP**
5225 Wisconsin Ave, NW, Suite 503
Washington, DC 20015
Telephone: (202)480-2999
michele@oandzlaw.com
matt@oandzlaw.com

*Attorneys for Plaintiffs Cengage Learning, Inc. and Pearson Education, Inc.*

Karen A. Confoy
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive Building 3
Lawrenceville, NJ 08648
Telephone: (609) 844-3600
Facsimile: (609)896-1469
kconfoy@foxrothschild.com

*Attorney for Plaintiffs Cengage Learning, Inc. and Pearson Education, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENGAGE LEARNING, INC. AND PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPALACIAN INC., RK GROUP ASSOCIATES LLC, RAHUL GUPTA, AND STACY IBRAHIM (aka STACY MINI), <br><br> Defendants. | Civil Action No. |

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The Undersigned hereby certifies that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: February 14, 2017

/s/ Karen A. Confoy
Karen A. Confoy
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive Building 3
Lawrenceville, NJ 08648

Telephone: (609) 844-3600
Facsimile: (609)896-1469
kconfoy@foxrothschild.com

*Of Counsel:*
Matthew J. Oppenheim
Michele H. Murphy
**OPPENHEIM & ZEBRAK, LLP**
5225 Wisconsin Ave, NW, Suite 503
Washington, DC 20015
Telephone: (202)480-2999
michele@oandzlaw.com
matt@oandzlaw.com

*Attorneys for Plaintiffs Cengage Learning, Inc. and Pearson Education, Inc.*